CHICAGO, MILWAUKEE, ST. PAUL
AND PACIFIC RAILROAD COM-
PANY, Plaintiff-Appellee,

v.

ORDER OF RAILWAY CONDUCTORS
AND BRAKEMEN, etc., et al.,
Defendants-Appellants.

No. 13344.

United States Court of Appeals
Seventh Circuit.

Nov. 8, 1961.

Rehearing Denied Dec. 22, 1961.

Burke Williamson, Jack A. Williamson, Adams Williamson & Turney, Chicago, Ill., for appellants.

James P. Reedy, Edwin J. Richardson, Chicago, Ill., for appellee.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

The plaintiff-appellee, Chicago, Milwaukee, St. Paul and Pacific Railroad Company, brought this action in the District Court to enjoin defendants-appellants [1] from carrying out a strike, alleged to be unlawful, on plaintiff's railroad. After a hearing on the merits and the entry of findings of fact and conclusions of law the court entered a permanent injunction against the defendants enjoining a strike. Defendants appealed.

The defendants assert that there is no dispute concerning the facts but contend that the court erred in its conclusions of law. The parties are in agreement that the nature of the dispute giving rise to the proposed strike is determinative of the District Court's jurisdiction to enter the permanent injunction.[2] The contested issue which emerges

---

1. Defendants-appellants are the Order of Railway Conductors and Brakemen and certain of its officers sued individually and as representatives of the class of em-

ployees represented by such association and labor organization.

2. Brotherhood of Railroad Trainmen v. Chicago River & Indiana Railroad Co.,

from defendants' appeal is whether on the unassailed findings of fact the court erred in concluding that the dispute over which a strike was threatened is a "minor dispute"; i. e. one subject to compulsory arbitration procedures under the Railway Labor Act[3] and to binding decision by the National Railroad Adjustment Board. The District Court does have jurisdiction to enjoin such a strike. Brotherhood of Railroad Trainmen v. Chicago River & Indiana Railroad Co., 353 U.S. 30, 75 S.Ct. 635, 1 L.Ed.2d 622.

■ Pertinent facts as disclosed by the findings of fact made by the District Court are that on August 15, 1959 the defendant Order of Railway Conductors and Brakemen[4] gave formal notice to plaintiff of a proposed addition to the collective bargaining agreement then in effect between the parties. The intended change, submitted pursuant to Section 6 of the Railway Labor Act,[5] was to add the following provision to the agreement:

"Upon request of the Local Committee of Adjustment of the Order of Railway Conductors and Brakemen, conductors may be required to register miles made as a conductor during any pay period. It will not be the duty of conductors, either part time or regular, to register miles made working as a conductor with other than the Organization duly authorized in accordance with the terms of the Railway Labor Act to represent the Conductors craft and class."

In the background was a mileage agreement between the plaintiff railroad and another union which represented brakemen. The mileage agreement placed a limitation of 4,000 miles a month on employee earnings. It required registration of all miles worked. As to employees holding seniority as conductor and brakeman and required to accept a call to work as conductor the agreement, in practice, had the effect of applying miles worked as a conductor to reduce the number of miles such an employee could thereafter work as a brakeman.

After a conference between the parties the plaintiff on September 14, 1959 advised Conductors that it did "not agree there is a basis for a rule such as requested by you and it is therefore declined". Conductors did not withdraw the proposal and the parties continued to confer and negotiate concerning the same. Conductors declined arbitration after assistance of the National Mediation Board, applied for by Conductors, had failed to resolve the matter. During conferences it was indicated by a representative of plaintiff that the parties disagreed as to the interpretation and application of the proposed provision—that the words used did not mean the same thing to the plaintiff that they did to Conductors and that plaintiff had one interpretation and Conductors another. Following a conference on November 18, 1960, which had concluded with a tentative understanding to meet again November 23, 1960, plaintiff on November 22nd wrote Conductors that the August 15, 1959 proposal "is accepted by the carrier effective at once". Telegrams subsequently exchanged between the parties indicate a dispute as to the meaning and effect of the provision set forth in the August 15, 1959 notice and on December 12, 1960 plaintiff filed an ex parte submission to the National Railroad Adjustment Board, First Division.

Defendants contend, in substance, that the disagreement which arose over the meaning and interpretation of the language set forth in the August 15, 1959 notice evidences such lack of "meeting of minds" that no change in the collective

---

3. 45 U.S.C.A. § 153.

353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622; Order of Railroad Telegraphers v. Chicago & North Western Railway Co., 362 U.S. 330, 80 S.Ct. 761, 4 L.Ed.2d 774.

4. Hereafter sometimes referred to as "Conductors" which term will also include its representatives.

5. 45 U.S.C.A. § 156.

bargaining agreement was effected either under the provisions of the Railway Labor Act or the general principles of contract law and, further, that plaintiff's initial rejection of the proposed addition precluded a later acceptance without the renewed consent of Conductors. Defendants urge that, consequently, the controversy which existed at the time of the proposed strike was not a "minor dispute" but was a dispute over making a change in or addition to a collective bargaining agreement—a "major dispute".

The existence of a major dispute—disagreement in the bargaining process for a new or changed contract—which is the basis of a threatened strike precludes jurisdiction in the District Court to enjoin such strike. Order of Railroad Telegraphers v. Chicago & North Western Railway Co., 362 U.S. 330, 75 S.Ct. 761, 4 L.Ed.2d 774. But we are of the opinion that the District Court did not err in concluding that the threatened strike was over a minor dispute and its jurisdiction to grant injunctive relief not precluded by the Norris-LaGuardia Act.[6] The proposal submitted by Conductors was specific in its terms—the addition of a provision to the collective bargaining agreement in language specifically set forth. At no time was this specific proposal withdrawn or another substituted in lieu thereof. That the parties indicated differences in its interpretation and application and disagreed as to its effect discloses only a lack of meeting of minds as to its meaning and effect—not on whether it was to be added to the agreement. And although plaintiff initially declined to accept the provision it ultimately did. Conductors by its continued participation for more than a year in conferences and negotiations with reference to the proposed addition, after plaintiff's initial rejection, and without withdrawal thereof, or notifying plaintiff of a different and substituted "intended change",[7] impliedly invited plaintiff's reconsideration of its earlier rejection and consented to a later acceptance.

We emphasize that although Conductors had knowledge of the disagreement over the meaning of the language it sought to add to the agreement at no time did it substitute language to eliminate question as to the interpretation of the provision. Therefore, Conductors and defendants are not in a position to complain of the acceptance of the "intended change" in the form Conductors proposed.

That plaintiff's acceptance of the addition to the agreement did not resolve all controversy as to its meaning and effect did not prevent the contract change or addition from becoming effective. After plaintiff's acceptance no dispute remained which was a disagreement over the making of a new or changed contract. The dispute over the addition of the contract provision and language Conductors requested was ended and the provision became a part of the collective bargaining agreement.

The threatened strike was over a dispute as to the "interpretation or application" of the agreement, a matter within the purview of § 3(i)–(m) of the Railway Labor Act[8] and the narrowly confined limits of the exception to the ban of Norris-LaGuardia. The District Court did not err in concluding that it had jurisdiction to enjoin the strike in order to enforce compliance with the Railway Labor Acts' requirement that minor disputes be heard by the Adjustment Board.

Affirmed.

6. 29 U.S.C.A. § 101 and § 104.

7. At the November 18th conference plaintiff tendered a memorandum to the effect that it agreed to the provision set out in the August 15, 1959 notice "in full disposition" of that notice and to be effective December 1, 1960. A representative of Conductors advised that this was not acceptable to him and wrote out his version of a provision and made inquiry if it would be a basis of settling the dispute. We do not regard these actions as effecting a substitution of such version as Conductors "intended change" nor as a withdrawal of the provision contained in the notice.

8. 45 U.S.C.A. § 153(i)–(m).